FILED
U.S. DISTRICT COURT
DIV.
2012 NOV 5 AM 11:40
CLERK Rau
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TERRY GREENBERG,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　Petitioner,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　vs.　　　　　　　　　　　　　　　:　　CIVIL ACTION NO.: CV212-139
　　　　　　　　　　　　　　　　　　:
ANTHONY HAYNES, Warden,　　　　　 :
　　　　　　　　　　　　　　　　　　:
　　　　　　Respondent.　　　　　　　:

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Terry Greenberg ("Greenberg"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Greenberg filed a Traverse. For the following reasons, Greenberg's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Greenberg was sentenced by the United States District Court for the Southern District of Florida to 365 months' imprisonment following his conviction for possession with intent to distribute at least 1,000 kilos of marijuana, in violation of 46 U.S.C. § 1903(a) and (g), and conspiracy to distribute at least 1,000 kilos of marijuana, in violation of 46 U.S.C. § 903 (j) and (g). (Doc. No. 9-1, p. 3). In the instant petition, Greenberg argues that (1) he has been classified improperly, resulting in his being held in a greater security facility than necessary and his improper ineligibility for camp placement, and (2) he is being treated differently than similarly situated prisoners, with

AO 72A
(Rev. 8/82)

regard to camp placement, in violation of his right to equal protection under the Fourteenth Amendment. Respondent contends that Greenberg's petition should be dismissed as improperly brought pursuant to § 2241.

## DISCUSSION AND CITATION TO AUTHORITY

When a prisoner challenges "the fact of his conviction or the duration of his sentence," those claims "fall within the core of habeas corpus" petitions. Nelson v. Campbell, 541 U.S. 637, 643 (2004) (internal punctuation and citation omitted). "By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core and may be brought pursuant to" a civil rights action. Id. (citations omitted). The results of a successful habeas corpus petition and a successful civil rights action vary greatly. Habeas corpus "traditionally has been accepted as the specific instrument to obtain release from unlawful confinement." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (internal punctuation and citation omitted). Successful constitutional challenges to the conditions of a prisoner's confinement, however, entitle the prisoner only to a correction of the unconstitutional conditions, not to release from confinement. Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990) (citations omitted).

Greenberg asserts that he is improperly classified, resulting in his being held in a greater security facility than necessary and his improper ineligibility for camp placement. Greenberg also asserts violations of his right to equal protection under the Fourteenth Amendment as a result of alleged discrimination in camp placement. Citing Ratcliff v. Coleman, 388 F. App'x 900 (11th Cir. 2010), Greenberg argues that his claims appropriately attack the execution of his sentence. In Ratcliff, the § 2241 petitioner

2

sought relief based on an expunged incident report which the BOP allegedly did not remove from Ratcliff's file and did use to increase Ratcliff's custody level and deny him a transfer. Id. at 901. Ratcliff raised three claims related to the expunged incident report: (1) the BOP maintained incorrect information in his prison file, (2) the BOP used the expunged incident report to raise his custody status from medium to high security preventing him from transferring to a lower security facility, and (3) the BOP violated its own policy requiring expunged records to be removed from an inmate's file and not used against the inmate. Id. The district court dismissed Ratcliff's petition finding that it did not challenge the execution of Ratcliff's sentence because it "attacked only the accuracy of information maintained by the BOP in his central file." Id. (internal punctuation and citation omitted). On appeal, the Court of Appeals for the Eleventh Circuit vacated the district court's decision and remanded for a proper determination of all of Ratcliff's claims. Id. at 902. Specifically, the court stated, "the district court addressed only Ratcliff's inaccurate recordkeeping claim and did not address his two related claims regarding the BOP's allegedly improper use of the expunged incident report to adversely affect Ratcliff. . . . [W]e vacate the judgment and remand for the district court to consider [those claims] and whether they constitute challenges to the execution of Ratcliff's sentence." Id. The Eleventh Circuit's holding in Ratcliff does not stand for the proposition that Ratcliff's claims attacked the execution of his sentence; rather the Eleventh Circuit held that the district court cannot ignore claims brought in a § 2241 petition and must, instead, determine whether each claim challenges the execution of the petitioner's sentence.

AO 72A
(Rev. 8/82)

Greenberg's claims do not attack the execution of his sentence and do not have any implication on the duration of his confinement. See Tomlinson v. Hickey, 2010 WL 1956283 (S.D. Ga. 2010) (adopted by Wood, J., Tomlinson v. Hickey, 2010 WL 1956282 (S.D. Ga. 2010)) (holding that petitioner's claim that a higher security classification was placed on him resulting in his placement in a prison too far from his release residence was not cognizable under § 2241); Edinborough v. Haynes, 2010 WL 2636085 (S.D. Ga. 2010) (adopted by Wood, J., Edinborough v. Haynes, 2010 WL 2636087 (S.D. Ga. 2010)) (holding that petitioner's equal protection claim was not cognizable under § 2241). Greenberg's claims do not attack the execution of his sentence and do not fall within the ambit of a habeas corpus petition. Greenberg's civil rights claims would more appropriately be brought in an action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Greenberg's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of November, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE