IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TERRY GREENBERG,

    Petitioner,

vs.                              CIVIL ACTION NO.: CV212-139

ANTHONY HAYNES, Warden,

    Respondent.

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Terry Greenberg ("Greenberg") filed Objections to the undersigned's Report dated November 5, 2012, which recommended that his 28 U.S.C. § 2241 petition be dismissed and that his claims be brought in an action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). In his Objections, Greenberg argues that the claims brought in his petition, that (1) he has been classified improperly, resulting in his being held in a greater security facility than necessary and his improper ineligibility for camp placement, and (2) he is being treated differently than similarly situated prisoners, with regard to camp placement, in violation of his right to equal protection under the Fourteenth Amendment, are properly brought pursuant to § 2241. The undersigned agrees. <u>See</u> <u>United States v. Saldana</u>, 273 F. App'x 845, 846 (11th Cir. 2008) ("This Court has considered an attack by a federal prisoner on his place of confinement to be relief sought pursuant to 28 U.S.C. § 2241.") (citations omitted); <u>Divito v. Wells</u>, 2011 WL 5854944 (S.D. Ga. Nov. 21, 2011)

(considering the merits of an equal protection claim brought pursuant to § 2241). Accordingly, the November 5, 2012, Report is **vacated**. The undersigned will consider the merits of Greenberg's § 2241 petition.

## STATEMENT OF THE CASE

Greenberg was sentenced by the United States District Court for the Southern District of Florida to 365 months' imprisonment following his conviction for possession with intent to distribute at least 1,000 kilos of marijuana, in violation of 46 U.S.C. § 1903(a) and (g), and conspiracy to distribute at least 1,000 kilos of marijuana, in violation of 46 U.S.C. § 903 (j) and (g). (Doc. No. 9-1, p. 3). In the instant petition, Greenberg argues that (1) he has been classified improperly, resulting in his being held in a greater security facility than necessary and his improper ineligibility for camp placement, and (2) he is being treated differently than similarly situated prisoners, with regard to camp placement, in violation of his right to equal protection under the Fourteenth Amendment. Respondent contends that Greenberg's petition should be denied. Greenberg filed a Traverse and multiple affidavits.

## DISCUSSION AND CITATION TO AUTHORITY

In the instant petition, Greenberg first argues that he has been classified improperly, resulting in his being held in a greater security facility than necessary and his improper ineligibility for camp placement. Greenberg is housed at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"). Greenberg asserts that a "greater security" management variable has been improperly applied to prevent him from camp placement. Greenberg states that the greater security management variable is based on two escapes disclosed in his pre-sentence report. Greenberg argues that because

AO 72A
(Rev. 8/82)

he was never charged or convicted of those escapes they cannot be used to apply a greater security management variable on him. Greenberg contends that applying a greater security management variable on him based on the escapes disclosed in his pre-sentence report violates Bureau of Prisons ("BOP") Program Statement 5100.08.

Second, Greenberg argues that his ineligibility for camp placement is in violation of his right to equal protection under the Fourteenth Amendment. Greenberg asserts that several similarly situated inmates, who are African-American and who have more serious criminal histories than him, have been granted camp placement. Greenberg states that he is being treated more harshly than some inmates who are less suitable for camp status.

Respondent contends that Greenberg's petition should be denied because "[a] prisoner 'has no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison.'" (Doc. No. 9, p. 7) (quoting Kramer v. Donald, 286 F. App'x 674, 676 (11th Cir. 2008)). The Court agrees. In United States v. Warmus, 151 F. App'x 783 (11th Cir. 2005), the § 2241 petitioner challenged the manner in which the BOP collected the special assessment imposed as part of his sentences. The BOP was supposed to collect the special assessment pursuant to the Inmate Financial Responsibility Program. Id. at 786. The Court of Appeals for the Eleventh Circuit held that it was not clear whether the BOP violated the Inmate Financial Responsibility Program; however, because the benefits of the Inmate Financial Responsibility Program are not constitutionally guaranteed, the petitioner did not state a cognizable § 2241 claim. Id. at 786–87. Similarly, because Greenberg does not have a constitutionally guaranteed right to be classified at a certain security

level or housed in a certain prison, even if the BOP violated Program Statement 5100.08, Greenberg does not state a cognizable § 2241 claim.

Respondent contends that Greenberg's equal protection claim should be denied because Greenberg has not stated a claim for violation of his right to equal protection. In his Traverse, Greenberg cites to Jones v. Ray, 279 F.3d 944 (11th Cir. 2001), which states, "[t]o establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Id. at 946–47 (internal quotation marks and citation omitted). Greenberg asserts that several similarly situated inmates, who are African-American and who have more serious criminal histories than him, have been granted camp placement. Greenberg states that he is being treated more harshly than some inmates who are less suitable for camp status. Greenberg has not shown that the African-Americans who have received camp placement are similarly situated to him. In fact, Greenberg states that those individuals had different criminal histories than him, which shows that they are not similarly situated to him. Furthermore, even if the African-Americans Greenberg references were similarly situated to him, Greenberg has not shown that he has been denied camp placement based on his race. Greenberg asserts that he has been denied camp placement based on an improper security management variable. Even a liberal interpretation of Greenberg's petition does not reveal any factual basis for an equal protection claim.

AO 72A
(Rev. 8/82)

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Greenberg's § 2241 petition be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of December, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE